IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERIBERTO LOZADA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | No. 07-4740 |
| Defendant. | : | |

MEMORANDUM AND ORDER

Schiller, J.                                                                                              May 21, 2008

Plaintiff Heriberto Lozada brings this action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 (2008). Plaintiff claims that the Drug Enforcement Administration's ("DEA") negligent investigation of a heroin-dealing ring led to Plaintiff's improper arrest and imprisonment. Currently before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction. Defendant argues that jurisdiction is lacking because the United States has not waived sovereign immunity for discretionary conduct, such as the conduct underlying Plaintiff's FTCA claim. For the following reasons, Defendant's motion is granted.

I.   BACKGROUND

The following facts are taken from Plaintiff's Complaint and his Memorandum of Law in Opposition to Defendant's Motion to Dismiss [hereinafter "Pl.'s Opp'n"]. Beginning in August 2004, the DEA worked with the Wilmington Police Department ("WPD") on an investigation of a suspected heroin dealing ring operating between Philadelphia and Wilmington. (Pl.'s Opp'n at 1.) One of the targets of the investigation was a maroon minivan with Pennsylvania license plates. (*Id.*) On September 21, 2004, two Wilmington police officers, Detective George Taylor and Detective

Sargent Patrick Burke, observed the operator of the maroon minivan engaging in a suspected drug transaction with a known drug dealer, and followed the minivan as it headed towards Philadelphia. (*Id.*)  Both officers got a view of the driver. (*Id.*)

That same day, DEA Special Agent Michael Machak ran the Pennsylvania license plate on the maroon minivan and learned that it was registered to a Heriberto Lozada residing at 4357 North 9th Street, Philadelphia, PA; Plaintiff's name is Heriberto Lozada, but he does not reside at that address. (*Id.* at 2; Compl. ¶¶ 10, 13, 15.)  Machak then ran the name Heriberto Lozada through a database of Pennsylvania driver's licenses. (Pl.'s Opp'n at 1-2; Compl. ¶¶ 13-14.)  This search retrieved only one license — that of Plaintiff, whose listed address was 1814 East Ontario Street, Philadelphia, PA. (Pl.'s Opp'n at 2.; Compl. ¶¶ 14-15.)  Machak showed Plaintiff's license photograph to Taylor and Burke, each of whom independently identified Plaintiff as the individual he had seen driving the maroon minivan on September 21, 2004. (Pl.'s Opp'n at 1.)  Additionally, Machak asked Taylor to compare Plaintiff's signature on his license with the signature on the vehicle registration paperwork for the minivan. (*Id.* at 2.)  Taylor told Machak that in his opinion, the signatures looked similar. (*Id.*)  Taylor subsequently drove by 4357 North 9th Street and 1814 East Ontario Street looking for the maroon minivan; however, neither address was placed under surveillance. (*Id.* at 2.)  As the investigation continued, a second suspect was observed driving the maroon minivan. (*Id.* at 3.)  The minivan was observed at several addresses in Philadelphia, but was never observed at Plaintiff's address. (*Id.*)

Based on the above, a bench warrant issued for Plaintiff's arrest. (*Id.*; Compl. ¶¶ 11-13.)  Plaintiff was arrested by officers of the Philadelphia Police Department on February 19, 2005, when he attempted to purchase a firearm and a background check revealed that a warrant was out for his

2

arrest.  (Pl.'s Opp'n at 3-4; Compl. ¶ 7.)  Plaintiff was incarcerated for four days and then released on bail.  (Pl.'s Opp'n at 4; Compl. ¶ 16.)

Machak and Taylor attended Plaintiff's preliminary hearing in Philadelphia on February 25, 2005.  (Pl.'s Opp'n at 4.)  Machak represented to the prosecutor and to Plaintiff's attorney that Plaintiff had been identified as the operator of the maroon van on September 21, 2004; on the way back to Wilmington, however, Taylor informed Machak that Plaintiff might not be the individual he had seen driving the van on that day.  (*Id.*)  The charges against Plaintiff were dropped in April 2005, when it became apparent that Plaintiff was not the Heriberto Lozada whom the police were looking for.  (Compl. ¶ 17; Pl.'s Opp'n at 5.)  Indeed, Plaintiff never owned a maroon minivan and had no involvement with the heroin dealing conspiracy.   (Compl. ¶ 10.)  The minivan actually belonged to Heriberto Lozada-Espinoza, who lived on 9th Street in Philadelphia.  (Pl.'s Opp'n at 4-5.)

## II.   STANDARD OF REVIEW

Challenges to subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may be facial or factual.  *Medina v. City of Phila.*, Civ. A. No. 04-5698, 2005 WL 1124178, at *2 (E.D. Pa. May 9, 2005) (*citing Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)), *aff'd*, 219 Fed. Appx. 169 (3d Cir. 2007).  "In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction . . . [whereas] a 'factual' attack asserts that jurisdiction is lacking on the basis of facts outside of the pleadings."  *Smolow v. Hafer*, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005).   "When considering a facial attack, 'the Court must consider the allegations of the complaint as true,' and in that respect such a Rule 12(b)(1) motion is similar to a

Rule 12(b)(6) motion." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006). In contrast, where a defendant brings a factual attack, as the United States does here, the Court may consider matters outside the pleadings to determine its jurisdiction. *Id.*; *Cestonaro v. United States*, 211 F.3d 749, 756 n.5 (3d Cir. 2000) (invocation of discretionary function exception treated as a factual attack on jurisdiction). Where a jurisdictional dispute involves the applicability of the FTCA's discretionary function exception to Plaintiff's claims, the United States bears the burden of proving that the exception applies. *Merando v. United States*, 517 F.3d 160, 164 (3d Cir. 2008); *Cestonaro*, 211 F.3d at 756 n.5.

### III. DISCUSSION

#### A. The Court lacks subject matter jurisdiction over Plaintiff's FTCA claim

"It is well settled that the United States enjoys sovereign immunity from suits and, accordingly, may be sued only if it has waived that immunity." *Beneficial Consumer Disc. Co. v. Polotnowicz*, 47 F.3d 91, 93-94 (3d Cir. 1995). The FTCA "waives sovereign immunity as to claims against the United States for money damages for injury caused by the negligent or wrongful act or omission of a government employee acting within the scope of his employment" subject to certain exceptions. *Id.* at 95-96. A claim that falls within such an exception must be dismissed for lack of subject matter jurisdiction. *Woods v. United States*, Civ. A. No. 07-593, 2007 WL 3243852, at *2 (D.N.J. Nov. 1, 2007) (*citing Bernitsy v. United States*, 620 F.2d 948, 950 (3d Cir. 1980)). Waiver of immunity must be strictly construed in favor of the United States. *Id.* (*citing United States v. Idaho ex. rel. Dep't of Water Res.*, 508 U.S. 1, 7 (1993)).

Pursuant to the discretionary function exception of the FTCA, the United States has not

waived sovereign immunity as to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  In *United States v. Gaubert*, 499 U.S. 315 (1991), the Supreme Court set forth a two-part test that governs whether this exception applies.  First, the Court "must decide whether a statute, regulation, or policy [governs the conduct at issue], or whether the Government's actions were discretionary because they involved an 'element of judgment or choice.'"  *Merando*, 517 F.3d at 164, 168 (*quoting Gaubert*, 499 U.S. at 322).  Second, "even if the challenged conduct involves an element of judgment, the court must determine 'whether that judgment is of the kind that the discretionary function exception was designed to shield,'" in other words, whether the conduct is grounded in policy or "'susceptible to policy analysis.'"  *Id.* at 165 (*quoting Gaubert*, 499 U.S. at 322-23, 325); *see also Mitchell v. United States*, 225 F.3d 361, 363 (3d Cir. 2000).  "Discretionary conduct is not confined to the policy or planning level."  *Gaubert*, 499 U.S. at 325.  The nature of the conduct, as opposed to the status of the actor, determines whether the exception applies.  *Id.*

Plaintiff's FTCA claim is based on Machak's, and any other DEA agents involved, alleged negligent investigation of the heroin dealing ring, which led them to misidentify Plaintiff as a suspected drug dealer and to arrest him based on this mistaken belief.  Here, there is no statute, regulation or policy requiring DEA agents to use particular investigative techniques in the course of a drug trafficking investigation.  (Def.'s Mem. of Law in Supp. of Mot. to Dismiss [hereinafter "Def.'s Mem."] Ex. 5 (Braun Decl.) ¶ 8.); *see Woods*, 2007 WL 3243852, at **3-4 (recognizing that a law enforcement agency is vested with discretionary power where no statute, regulation or policy governs an agent's action).  To the contrary, the extent of a DEA investigation and the investigative

techniques used are left to the discretion of the DEA Special Agent responsible for overseeing the investigation. (Def.'s Mem. Ex. 5 ¶ 8.) Clearly then, the first prong of the *Gaubert* test is met here since the DEA's investigation of the drug ring and the means by which that investigation was conducted involved elements of judgment and choice. *See Woods*, 2007 WL 3243852, at *3 ("[T]he first prong of the *Gaubert* test is satisfied because the decision to investigate an alleged crime involves an element of judgment or choice.").

The conduct at issue here also meets the second prong of the *Gaubert* test because decisions concerning a federal investigation of criminal activity are precisely the type of judgments that the discretionary function exception intends to capture. A DEA Special Agent's decision to conduct an investigation in a particular manner is subject to several policy considerations, including the need to:

> "(1) maintain the secrecy of the investigation to ensure the safety of surveillance and undercover officers, confidential informants, and bystanders, to prevent the concealment or destruction of evidence, and to perpetuate suspects' use of telephones for which DEA secured court-authorized wiretaps; (2) consider the risks of civil liability to the government if officers cause personal injury or property damage; . . . (4) balance the desire to protect the public by quickly stopping heroin distribution with the goal of identifying all suspects; (5) plan to arrest co-conspirators at approximately the same time to prevent any one from tipping off targets who might destroy evidence or elude capture and future prosecution; [and] (6) consider the risks of privacy invasion or interference with privileged or confidential relationships."

(Def.'s Mem. Ex. 5 ¶ 13.); *see Woods*, 2007 WL 3243852, *4 (discretionary function exception applied where FBI agents' conduct implicated policy considerations); *see also Pooler v. United States*, 787 F.2d 868, 871 (3d Cir. 1986) (conduct of individual who "was placed in charge of an investigation, and was required to decide how that investigation would be pursued" was within discretionary function exception).

6

In *Rourke v. United States*, plaintiff brought a claim pursuant to the FTCA based on certain FBI agents' allegedly negligent investigation of a bank robbery that resulted in plaintiff's improper arrest and detention. 744 F. Supp. 100 (E.D. Pa. 1988), *aff'd without opinion*, 909 F.2d 1477 (1990). "The sum and substance of the plaintiff's claims [was] that the FBI agents conducted a 'haphazard' investigation calculated to achieve a quick arrest in disregard of plaintiff's rights." *Id.* at 102. The Court concluded that the discretionary function exception barred plaintiff's FTCA claim "to the extent that [plaintiff] seeks compensation for having been erroneously arrested and charged due to a flawed investigation," because "the manner of conducting an investigation and the decision to seek an arrest warrant are the kind of 'quintessentially' discretionary activities for which sovereign immunity has not been waived." *Id.* at 103; *see also Pooler*, 787 F.2d at 871 ("Congress did not intend to provide for judicial review of the quality of investigative efforts.").

It is clear that the conduct underlying Plaintiff's Complaint likewise falls squarely within the discretionary exception function. Plaintiff concedes as much; he notes in his opposition that "the decision to charge and seek the arrest of Heriberto Lozada" falls within the discretionary function exception pursuant to *Pooler* and *Rourke*. (Pl.'s Opp'n at 8.) He argues, however, that the discretionary function exception is inapplicable because "probable cause for the arrest of plaintiff did not exist and a constitutional violation occurred."[1] (*Id*. at 9.) This argument does not save

---

[1] The FTCA's "intentional tort proviso," 28 U.S.C. § 2680(h), is not applicable here. That provision waives immunity for claims based on a plaintiff's false arrest or false imprisonment "with regard to acts or omissions of investigative or law enforcement officers of the United States Government." It only permits liability where a federal agent "committed an intentional tort while executing a search, seizing evidence, or making an arrest." *Pooler*, 787 F.2d at 872; *Rourke*, 744 F. Supp. at 103. Since the federal agents in this case did not effectuate Plaintiff's arrest, the conduct of which Plaintiff complains — the investigation leading to that arrest — does not fall within the intentional tort proviso.

Plaintiff because Constitutional tort claims are not actionable under the FTCA.[2]  *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994); *Webb v. Desan*, 250 Fed. Appx. 468, 471 (3d Cir. 2007) ("Because federal law is the source of liability for the deprivation of a federal constitutional right, the United States is not liable under [the FTCA] for constitutional tort claims.").  Since Plaintiff's claim falls within the discretionary function exception, this Court lacks subject matter jurisdiction and dismissal is warranted.  *See Woods*, 2007 WL 3243852, at *4 ("How a government agent should conduct an investigation is the paradigm decision that is protected by the discretionary function exception.").

      **B.**      **Plaintiff may not amend his Complaint**

Perhaps recognizing the flaws in his case, Plaintiff requests to amend his Complaint to add a claim against the individual DEA agents involved in the investigation pursuant to 42 U.S.C. § 1983.  Ordinarily, leave to amend a complaint is freely given.  *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).  A Court may deny leave to amend for futility, however, where the amended complaint would not withstand a renewed motion to dismiss.  *Id.*

Section 1983 provides a remedy for a plaintiff deprived of a constitutional or federal right when that deprivation was caused by a person acting under the color of state law.  *See, e.g.*, *Barna v. City of Perth Amboy*, 42 F.3d 809, 815 (3d Cir. 1994).  However, "[Section 1983] [l]iability will not attach for action taken under color of federal law," such as the DEA agents' action here.  *Rourke*, 744 F. Supp. at 103; *see also Int'l Islamic Cmty of Masjid Baytulkhaliq, Inc. v. United States*, 981 F. Supp. 352, 364-65 (D.V.I. 1997).  Plaintiff recognizes this concept but "submits that the joint

---

[2] Regardless, this Court has already determined that probable cause existed for Plaintiff's arrest in disposing of Plaintiff's Section 1983 claims in a related action against Wilmington Police Officers Taylor and Burke, the Wilmington Police Department and the City of Philadelphia.  *Lozada v. Wilmington Dep't of Police*, Civ. A. No. 07-663, 2008 WL 1994870, at **5-6 (E.D. Pa. May 5, 2008).  That decision was based on the same facts underlying this case.

efforts of the governmental actors exposes the DEA to § to [sic] 1983 liability." (Pl.'s Opp'n at 12.) Despite the joint nature of the investigation, the arrest warrant and criminal indictment for Plaintiff all issued pursuant to federal law. (Def.'s Mem. Ex. 1 (Indictment) & 2 (Arrest Warrant).) Clearly then, the DEA agents were acting under federal law, and not state law, making Section 1983 inapplicable and amendment futile.[3]  *See Rourke*, 744 F. Supp. at 103.

If Plaintiff sought a remedy against the individual DEA agents, he should have brought a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a cause of action against individual federal law enforcement agents for violations of a plaintiff's constitutional rights.  *See Howard v. United States*, Civ. A. No. 99-3865, 2000 WL 1272590, at *2 (E.D. Pa. Aug. 28, 2000) (Fourth Amendment violations by federal agents "must be pursued in a *Bivens*-type action against the individual . . . agents," and not in an FTCA action) (footnote omitted).  The statute of limitations on a *Bivens* claim is two years.  *Gordon v. Pugh*, 235 Fed. Appx. 51, 53 (3d Cir. 2007) (*citing Kost v. Kozakiewicz*, 1 F.3d 176, 189-90 (3d Cir. 1993)).  Since the charges against Plaintiff were dropped on April 16, 2005, he would have had to file his *Bivens* claim by April 16, 2007.  Plaintiff filed the instant Complaint on November 9, 2007.  Consequently, any *Bivens* claim against the individual DEA agents would be time-barred and thus, it would be futile to allow Plaintiff to amend his Complaint in this regard.  *See Williams v. Phila. Housing Auth.*, 826 F. Supp. 952, 953 (E.D. Pa. 1993) ("The court may deny leave to amend, among other reasons, on the basis of futility of amendment.") (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[3] Notably, Plaintiff did not include any claims against the DEA agents in his related Section 1983 action.

**IV.     CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is granted.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERIBERTO LOZADA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | No. 07-4740 |
| Defendant. | : | |

## ORDER

AND NOW, this **21st** day of **May, 2008**, after consideration of Defendant's motion to dismiss, Plaintiff's response thereto, Defendant's reply thereon and for the foregoing reasons, it is hereby **ORDERED** that:

1. Defendant's Motion to Dismiss (Document No. 9) is **GRANTED**.

2. Plaintiff is denied leave to amend his Complaint.

3. The Clerk of Court is directed to close this case.

BY THE COURT:

_____
Berle M. Schiller, J.